IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CARDSOFT (ASSIGNMENT FOR THE BENEFIT OF CREDITORS), LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE GORES GROUP, LLC, and EQUINOX PAYMENTS, LLC, <br><br> Defendants. | § § § § § § § § § § § § § <br><br> Civil Action No. 2:12-cv-325 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff CardSoft (Assignment for the Benefit of Creditors), LLC ("CardSoft") for its Complaint against Defendants, The Gores Group, LLC ("Gores Group") and Equinox Payments, LLC ("Equinox") hereby alleges:

## THE PARTIES

1. Plaintiff CardSoft (Assignment for the Benefit of Creditors), LLC is a limited liability corporation duly organized and existing under the laws of the state of California with a principal place of business at 1100 La Avenida Street, Bldg. A, Mountain View, California 94043, United States of America.

2. Upon information and belief, defendant, The Gores Group, LLC is a limited liability company duly organized and existing under the laws of the state of Delaware with a principal place of business at 10877 Wilshire Blvd., 18th Floor, Los Angeles, California 90024, United States of America.

3. Upon information and belief, defendant, Equinox Payments, LLC is a limited liability company duly organized and existing under the laws of the state of Delaware with a

principal place of business at 8888 E. Raintree Dr., Ste. 300, Scottsdale, Arizona 85260, United States of America.

4. Upon information and belief, on or around August 4, 2011, defendant Gores Group acquired the United States operations of Hypercom Corporation ("Hypercom"). Hypercom Corporation was a defendant in a patent infringement litigation filed on March 6, 2008, by CardSoft in the Eastern District of Texas and entitled *CardSoft Inc. et al. v. VeriFone Holdings, Inc. et al.* (08-0098)(RSP) (hereinafter, the "CardSoft Litigation").

5. Upon information and belief, the entity resulting from the purchase of the United States operations of Hypercom Corporation by defendant Gores Group was named Equinox Payments, LLC.

## JURISDICTION

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

7. This Court has personal jurisdiction over the defendants in that each defendant has manufactured, sold and/or offered for sale, and/or aided and abetted others in making, selling and/or offering for sale, electronic point-of-sale ("ePOS") terminals which are used, offered for sale, sold, and have been purchased in Texas, including in this judicial district. This Court also has personal jurisdiction over the defendants in that each defendant has established sufficient minimum contacts with this judicial district as a result of business conducted within the State of Texas and within this judicial district. The exercise of jurisdiction over the defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

8. Each of the defendants does business in this district, including providing ePOS terminals which are used, offered for sale, sold, and have been purchased in Texas, including in this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(a), 1391(b), (c) and (d) and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 6,934,945

9. On August 23, 2005, United States Patent No. 6,934,945 ("the '945 patent") for a "Method and Apparatus for Controlling Communications" was duly and legally issued to Ian Charles Ogilvy. All rights and interest in the '945 patent have been assigned to the plaintiff, CardSoft. A true and correct copy of the '945 patent is attached hereto as Exhibit A.

10. On June 8, 2012, after a jury trial involving the '945 patent, a jury rendered its verdict in the CardSoft Litigation. The jury held that the '945 patent was valid and infringed by Hypercom Corporation, VeriFone Holdings, Inc. and VeriFone, Inc. The Hypercom products that were held to infringe the '945 patent are listed below:

| **Hypercom Corporation** |
|---|
| Optimum 4100 family of terminals (including Optimum T4100, Optimum M4100 and Optimum L4150); Optimum 4200 family of terminals (including Optimum T4210, Optimum T4220, Optimum T4230, Optimum M4230, Optimum M4240, Optimum L4200 and Optimum L4250) |

11. Upon information and belief, at least as of August 4, 2011, Defendants Gores Group and Equinox have infringed and continue to infringe the '945 patent. The infringing acts include at least the manufacture, use, sale and/or offer for sale of ePOS terminals, and/or inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals. Gores Group and Equinox are liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271 *et seq*.

12.     Gores Group's and Equinox's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Gores Group and Equinox the damages sustained by CardSoft as a result of Gores Group's and Equinox's wrongful acts in an amount subject to proof at trial.  Gores Group's and Equinox's infringement of CardSoft's rights under the '945 patent continues to cause damage to CardSoft's business.

13.     Upon information and belief, Gores Group's and Equinox's infringement of the '945 patent has been and continues to be willful and deliberate, especially in view of and with knowledge of the jury verdict in the CardSoft Litigation.  As a result of the aforementioned, CardSoft is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,302,683

14.     On November 27, 2007, United States Patent No. 7,302,683 ("the '683 patent") for a "Method and Apparatus for Controlling Communications" was duly and legally issued to Ian Charles Ogilvy.  All rights and interest in the '683 patent have been assigned to the plaintiff, CardSoft.  A true and correct copy of the '683 patent is attached hereto as Exhibit B.

15.     On June 8, 2012, after a jury trial involving the '683 patent, a jury rendered its verdict in the CardSoft Litigation.  The jury held that the '683 patent was valid and infringed by Hypercom Corporation, VeriFone Holdings, Inc. and VeriFone, Inc.  The Hypercom products that were held to infringe the '683 patent are listed below:

| **Hypercom Corporation** |
| --- |
| Optimum 4100 family of terminals (including Optimum T4100, Optimum M4100 and Optimum L4150); Optimum 4200 family of terminals (including Optimum T4210, Optimum T4220, Optimum T4230, Optimum M4230, Optimum M4240, Optimum L4200 and Optimum L4250) |

16.     Upon information and belief, at least as of August 4, 2011, Gores Group and Equinox have infringed and continue to infringe the '683 patent.  The infringing acts include at

least the manufacture, use, sale and/or offer for sale of ePOS terminals, and/or inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals.  Gores Group and Equinox are liable for infringement of the '683 patent pursuant to 35 U.S.C. § 271 *et seq*.

17.  Gores Group's and Equinox's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Gores Group and Equinox the damages sustained by CardSoft as a result of Gores Group's and Equinox's wrongful acts in an amount subject to proof at trial.  Gores Group's and Equinox's infringement of CardSoft's rights under the '683 patent continues to cause damage to CardSoft's business.

18.  Upon information and belief, Gores Group's and Equinox's infringement of the '683 patent has been and continues to be willful and deliberate, especially in view of and with knowledge of the jury verdict in the CardSoft Litigation.  As a result of the aforementioned, CardSoft is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, CardSoft prays for judgment and seeks relief against each of the defendants as follows:

(a) For judgment that the claims of the '945 patent and the '683 patent have been and/or continue to be infringed by such defendant;

(b) For an accounting of all damages sustained by CardSoft as the result of such defendant's acts of infringement;

(c) For actual damages together with, prejudgment interest, according to proof;

(d) For enhanced damages pursuant to 35 U.S.C. § 284;

(e) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

  (f) For all costs of suit; and

  (g) For such other and further relief as the Court may deem just and proper.

Date: June 12, 2012        Respectfully submitted**:**

               By: */s/ William E. Davis, III*
               William E. Davis, III
               Texas State Bar No. 24047416
               **THE DAVIS FIRM, PC**
               111 West Tyler Street
               Longview, Texas 75601
               Telephone: (903) 230-9090
               Facsimile: (903) 230-9661
               Email: bdavis@bdavisfirm.com

               Donald R. McPhail
               Barry Golob
               Kerry McTigue
               **COZEN O'CONNOR**
               The Army and Navy Building
               1627 I Street, NW, Suite 1100
               Washington, D.C. 20006
               Email: dmcphail@cozen.com
               Email: bgolob@cozen.com
               Email: kmctigue@cozen.com

               *Attorneys for Plaintiff CARDSOFT (ASSIGNMENT FOR BENEFIT OF CREDITORS), LLC*